# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ERICA LAFFERTY; DAVID WHEELER;
FRANCINE WHEELER; JACQUELINE
BARDEN; MARK BARDEN; NICOLE
HOCKLEY; IAN HOCKLEY; JENNIFER
HENSEL; JEREMY RICHMAN; DONNA
SOTO; CARLEE SOTO-PARISI; CARLOS
M. SOTO; JILLIAN SOTO; and WILLIAM
ALDENBERG,

        Plaintiffs,

    v.

ALEX EMRIC JONES; INFOWARS, LLC;
FREE SPEECH SYSTEMS, LLC;
INFOWARS HEALTH, LLC; PRISON
PLANET TV, LLC; WOLFGANG
HALBIG; GENESIS COMMUNICATIONS
NETWORK, INC.; and MIDAS
RESOURCES, INC.,

        Defendants.

Case No. 3:20-cv-1723

November 17, 2020

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446, the Defendants Alex Emric Jones, Infowars, LLC, Free Speech Systems, LLC, Infowars Health, LLC, and Prison Planet TV, LLC (hereinafter "Infowars Defendants"), hereby remove to this Court the civil action from the Superior Court, Complex Litigation Docket, at Waterbury, Connecticut ("state court") described below and in support state as follows:

1.      On May 23, 2018, Plaintiffs Erica Lafferty, David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Jeremy Richman, Donna Soto, Carlee Soto-Parisi, Carlos M. Soto, Jillian Soto, and William Aldenberg, filed an action against the Infowars Defendants, and others, in the Judicial District of Fairfield, entitled *Lafferty, et al. v. Jones, et al.*, bearing Case No. FBT-CV18-6075078-S, which was subsequently transferred to the Complex Litigation Docket as Case No. UWY-CV18-6046436-S.

2.      On June 13, 2018, Alex Emric Jones ("Jones") was served with a copy of Plaintiffs' original Writ, Summons, and Complaint, by attachment to the front door of his usual place of abode in Austin, Texas.  A copy of the Complaint and Summons served upon Mr. Jones in the state court are included in **Composite Exhibit 1**.  Such documents were received by Mr. Jones on June 13, 2018.

3.      Defendant Jones may be deemed to have first received a copy of the Complaint on June 13, 2018, when it was served upon his place of abode.

4.      The Infowars Defendants previously filed a Notice of Removal of this matter on July 13, 2018, which was docketed in this Court as Case No.  3:18-cv-01156-JCH.  On November 20, 2018, it was remanded pursuant to an order of November 5, 2018, wherein it determined that the Court could not, at that time, find that then-Connecticut Defendant Cory Sklanka was not fraudulently joined, thereby divesting the Court of diversity jurisdiction.

5.      Although it is more than one year after the commencement of the action, removal is proper under 28 U.S.C. § 1446(c)(1), as Plaintiffs acted in bad faith to prevent the prior removal.

6.      On October 23, 2020, Plaintiffs voluntarily dismissed Mr. Sklanka.  *See* **Composite Exhibit 1.**

7.      This voluntary dismissal came within weeks of his insurance-appointed counsel withdrawing upon a favorable decision for the carrier declaring it had no obligation to defend or indemnify Mr. Sklanka, where Mr. Sklanka had failed to enter his own appearance and attend a mandatory status conference.  Plaintiffs easily could have obtained a default judgment against him, yet decided to abandon those claims after the 1 year deadline of Section 1446(c) had expired.[1]  The dismissal was not the result of a good-faith settlement as the carrier had already exited the matter. In fact, Plaintiffs disclosed on the record that they were settling with other defendants, but there is no indication that any settlement with Mr. Sklanka occurred.  Rather, Mr. Sklanka had seemingly

---

[1]    The state court case was essentially stayed from June 2019 through September 2020 on account of a then-pending interlocutory appeal.

outlived his usefulness in obstructing removal and now stood in the way of Plaintiffs focusing their efforts on the Infowars Defendants.

8.      Upon information and belief, all Plaintiffs are citizens and residents of the State of Connecticut, with the exception of Plaintiff William Aldenberg, a citizen and resident of the Commonwealth of Massachusetts.  *See* Complaint at ¶¶ 22-28.

9.      Defendant Alex Emric Jones is a citizen and resident of the State of Texas.  *See* Declaration of Alex Emric Jones ("Jones Decl."), attached as **Exhibit 2**, at ¶ 4.

10.     Defendant Infowars, LLC, is a limited liability company organized under the laws of the State of Texas and has its principal place of business therein.  *See* Jones Decl. at ¶ 5. Mr. Jones is the sole member of Infowars, LLC.  *See id.* at ¶ 6.

11.     Defendant Free Speech Systems, LLC, is a limited liability company organized under the laws of the State of Texas and has its principal place of business therein.  *See* Jones Decl. at ¶ 7.  Mr. Jones is the sole member of Free Speech Systems, LLC.  *See id.* at ¶ 8.

12.     Defendant Infowars Health, LLC, is a limited liability company organized under the laws of the State of Texas and has its principal place of business therein.  *See* Jones Decl. at ¶ 9.  Mr. Jones is the sole member of Infowars Health, LLC.  *See id.* at ¶ 10.

13.     Defendant Prison Planet TV, LLC, is a limited liability company organized under the laws of the State of Texas and has its principal place of business therein.  *See* Jones Decl. at ¶ 11.  Mr. Jones is the sole member of Prison Planet TV, LLC.  *See id.* at ¶ 12.

14.     Upon information and belief, Defendant Wolfgang Halbig is a citizen and resident of the State of Florida.  *See* Complaint at ¶ 36.

15.     Upon information and belief, Defendant Genesis Communications Network, Inc., ("Genesis") is a privately held company organized under the laws of the State of Minnesota and has its principal place of business therein.  *See* Complaint at ¶ 38.  Upon information and belief, Genesis does not do business in the State of Connecticut, nor has it otherwise appointed the Secretary of State for the State of Connecticut as its registered agent for service of process, thus it was not properly served within the meaning of 28 U.S.C. § 1446(b)(2)(A).

16.     Upon information and belief, Defendant Midas Resources, Inc., is a privately held company organized under the laws of the State of Minnesota and has its principal place of business therein.  *See* Complaint at ¶ 39.

17.     Upon information and belief, Cory T. Sklanka ("Sklanka") is a citizen and resident of the State of Connecticut.  *See* Complaint at ¶ 37.  **Sklanka was dismissed on October 23, 2020.**

18.     Plaintiffs' Complaint prays for damages in excess of $15,000, including monetary damages, punitive damages, attorneys' fees, and costs.  *See* Complaint at ¶ 38.

19.     Pursuant to 28 U.S.C. § 1446(d), copies of this Notice are being served on counsel for Plaintiff and all other parties and filed with the Clerk of the Superior Court, Complex Litigation Docket at Waterbury.  A Notice of Filing this Notice of Removal is also being filed with the said Clerk.  In addition, a copy of all process, pleadings, and orders served in the State Court action are filed herewith.

20.     The action is removable pursuant to the provisions of 28 U.S.C. §§ 1332(a) & 1441(a) because there is complete diversity of citizenship between the properly joined, current parties.  All plaintiffs are Connecticut and Massachusetts citizens.  The defendants are citizens of Florida, Minnesota, and Texas, with the exception of former Defendant Cory Sklanka, a Connecticut citizen, who was joined in bad faith.

21.     "[B]ad faith 'may be overt or may consist of inaction . . . [such as] lack of diligence and slacking off.'"  *Bank of China v. Chan*, 937 F.2d 780, 789 (2d Cir. 1991) (quoting Restatement (Second) of Contracts, §205, comment d); Black's Law Dictionary (Ninth ed.). "Since it would be extraordinary for a party directly to admit a 'bad faith' intention, his motive must of necessity be ascertained from circumstantial evidence."  *Continental Insurance Co. v. N.L.R.B.*, 495 F.2d 44, 48 (2d Cir. 1974).  "Although the Second Circuit has not yet had an occasion to interpret the scope of the 'bad faith' exception, even before the amendment's enactment, courts in this Circuit had granted equitable extensions of the one-year removal period in cases where the plaintiff has engaged in strategic gamesmanship to prevent a defendant's removal from state court."  *Ehrenreich v. Black*, 994 F. Supp. 2d 284, 288 (E.D.N.Y. 2014).

- 4 -

22.     Factual allegations in the Complaint as to Sklanka were minimal—his sole purpose as a defendant was a clear attempt to break diversity.  He is identified as working closely with defendant Halbig by acting as driver and camera operator and "on information and belief, participating in the operation of" a website and broadcasts.  Complaint at ¶ 37.  He allegedly "facilitated" Halbig and "assisted and was present with Halbig when he filmed and harassed children families," *not identified as Plaintiffs*, "on June 2, 2015."  *Id*. at ¶ 60.  He allegedly "acted as Halbig's driver, and actively facilitated [Halbig's] appearance on Infowars."  *Id*. at ¶ 80.  He is vaguely alleged to have somehow acted with other defendants to "develop, disseminate, and propagate" the allegedly false statements.  *Id*. at ¶ 85.  He was also allegedly a "servant, agent, apparent agent, employee, and/or joint venturer" of other defendants.  *Id*. at ¶ 88.  The claims against him were specious, at best, and his then-pending anti-SLAPP motion would have demonstrated that he was fraudulently joined as a defendant in bad faith.

23.     Although Plaintiffs took some limited discovery from Mr. Sklanka in connection with an anti-SLAPP motion filed by the Infowars Defendants, they did not seek any other meaningful discovery from him before filing their dismissal.  *See In re Rezulin Products Liability Litigation* (MDL No. 1348), 2003 U.S. Dist. LEXIS 26528 *2 (S.D.N.Y. 2003) (concluding that "strategic behavior was at play" by noting that "plaintiffs took no discovery from the [nondiverse] physician" before dismissing claim against him); *Kemp v. CTL Distribution, Inc*., 2010 U.S. Dist. LEXIS 62700, *7 (M.D.La.), adopted, 2010 U.S. Dist. LEXIS 62769, (M.D.La. 2010), aff'd, 440 Fed. Appx. 240, 2011 WL 3425592 (5th Cir. 2011) (unpublished opinion) ("the plaintiffs failed to offer any cogent explanation or factual basis for . . . delaying seeking discovery from" the nondiverse defendants before dismissing them).  And, as in the *Rezulin Products* matter, Mr. Sklanka was promptly dismissed at the first reasonable time, here following a stay due to appellate practice, after the one-year window expired.

24.     Five claims were previously alleged against all defendants, including Sklanka: false light invasion of privacy; defamation *per quod* and *per se*; intentional infliction of emotional distress; negligent infliction of emotional distress; and violation of the Connecticut Unfair Trade

Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*  Each of the first four claims also includes a claim for conspiracy, and the CUTPA claim uses similar language. None of the claims identify any specific actionable defamatory statement, statement putting a plaintiff in a false light, unfair trade practice, or action causing emotional distress by Mr. Sklanka, necessary to maintain a valid direct claim.  The allegations spoke more to the notion of a conspiracy.

25.     The remaining defendants, being Defendants Halbig, Midas Resources, and Genesis Communications Network, have all consented to this removal.  They did so in advance of the prior removal.  *See* **Compound Exhibit 3.**  They have advised the Infowars Defendants that the consents have not been withdrawn and apply to all three cases being contemporaneously removed.[3]

26.     Although the Complaint only sets forth that the amount in controversy exceeds $15,000, per Conn. Gen. Stat. § 52-91, it actually exceeds $75,000.  Two of the causes are for infliction of emotional distress.  "In the Second Circuit, 'garden variety emotional distress claims generally merit $30,000 to $125,000 awards.'"  *MacMillan v. Millennium Broadway Hotel*, 873 F. Supp. 2d 546, 561 (S.D.N.Y. 2012) (quoting *Olsen v. Cty. of Nassau*, 615 F. Supp. 2d 35, 46 (E.D.N.Y. 2009)) (internal marks omitted).  Thus, those causes meet the amount in controversy requirement.  Similarly, as to the defamation claim, the plaintiffs allege that audiences hearing the allegedly false statements "included hundreds of thousands, if not millions, of people." *See* Complaint at ¶¶ 119, 128, 144, 157, 164 (hundreds of thousands only), 170, 179, 184 (hundreds of thousands only), 188, 202, 210, 219, 228, 235, 244, 262, 285 (millions), 288, 298, 317 (more than three million), 325, & 334 (tens of thousands, if not millions), 352 (millions).  Given the widespread nature of the alleged reputational harm, if a jury awarded 10 cents per audience member, the damages would exceed the amount in controversy requirement.

27.     The Infowars Defendants have requested that the Clerk of the Superior Court for the Complex Litigation Docket at Waterbury certify or attest copies of all records or proceedings

---

[3]     The two *Sherlach* matters are duplicative.

filed in the State Court and all docket entries therein, with the same to be filed with this Court within 30 days.

WHEREFORE the Infowars Defendants, in the above action, now pending in the Superior Court for the Complex Litigation Docket at Waterbury, remove this action to this Court.

Dated: November 17, 2020.    Respectfully submitted,

/s/ Jay M. Wolman
Jay M. Wolman, ct29129
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel:  702-420-2001
Fax:  305-437-7662
ecf@randazza.com

Marc J. Randazza, *pro hac vice* forthcoming
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Tel:  702-420-2001
Fax:  305-437-7662
ecf@randazza.com

*Attorneys for Infowars Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 17th day of November 2020, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

I further certify that copies of the foregoing document are being served by electronic mail and U.S. Mail upon the parties at the addresses below:

Alinor C. Sterling
Christopher M. Mattei
Matthew S. Blumenthal
KOSKOFF KOSKOFF & BIEDER
350 Fairfield Avenue
Bridgeport, CT 06604
<asterling@koskoff.com>
<cmattei@koskoff.com>
<mblumenthal@koskoff.com>
Tel.:  203.336.4421
Fax:  203.368.3244
*Attorneys for Plaintiffs*

Wolfgang Halbig
25526 Hawks Run Lane
Sorrento, FL 32776
<wolfgang.halbig@comcast.net>
Tel.:  352.729.2559
Fax:  352.729.2559

Jonathan A. Beatty
ESTY & BUCKMIR, LLC
2340 Whitney Ave.
Hamden, CT 06518
<jbeatty@estyandbuckmir.com>
Tel.:  203.248.5678
Fax:  203.288.9974
*For Defendant Wolfgang Halbig*

Stephen P. Brown
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER
1010 Washington Blvd., 8th Floor
Stamford, CT 06901
<stephen.brown@wilsonelser.com>
Tel.:  203-388-2450
Fax:  203.388.9101
*Attorney for Defendant Midas Resources, Inc.*

Ted Anderson
Genesis Communications Network, Inc.
190 Cobblestone Lane
Burnsville, MN 55337
<t.anderson@gcnlive.com>
*Representative for Defendant*
*Genesis Communications Network, Inc.*

/s/ Jay M. Wolman
Jay M. Wolman